# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mitchell Lee Walck, | **ORDER VACATING DISMISSAL AND REPORT AND RECOMMENDATION RE: § 1915A SCREENING** |
| Plaintiff, | |
| vs. | |
| Leann K. Bertsch, et al., | |
| | Case No.: 1:16-cv-343 |
| Defendants. | |

On February 20, 2020, this action was dismissed with prejudice. (Doc. No. 13). As the plaintiff did not consent to the jurisdiction of the magistrate judge, this order of dismissal is hereby **VACATED**. The undersigned makes the below recommendations.

## I. BACKGROUND.

Before the Court is Walck's Complaint (Doc. No. 5). Judge Hovland has referred this matter to the Magistrate Judge for preliminary consideration. The Court now conducts an initial screening pursuant to 28 U.S.C. § 1915A.

## II. STANDARDS GOVERNING INITIAL REVIEW.

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to

1

identify any cognizable claims and to dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner Complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). And, even though a *pro se* prisoner Complaint is entitled to a liberal construction, these minimal pleading

requirements must still be satisfied.  E.g., Story v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal).  Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient.  Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680-81.  Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997).  Even under liberal pleading standards, a pro se litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim.  Walker v. Reed, 104 F.3d at 157-58.  Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose respondeat superior liability.  Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

### III. ANALYSIS.

Walck brings his claims under 42 U.S.C. § 1983, regarding injuries he allegedly suffered during his time in the North Dakota state prison. He brings the suit against seven separate defendants and groups of defendants: Leann K. Bertsch, Director of North Dakota Department of Corrections; Warden Schmalenberger, also of the North Dakota Department of Corrections;

Elizabeth Sundberg, a doctor at the North Dakota Department of Corrections Infirmary; John J. Hagan, another doctor there; Jessica Wilkins, a nurse at the same facility; Dave Krabbenhoft, Director of the North Dakota Department of Corrections; the Department of Corrections itself, and finally, all administrators employed there. (Doc. No. 5).

All defendants are employees of the state of North Dakota through its Department of Corrections. Furthermore, Walck states explicitly that he is suing each defendant in his or her official capacity, and not in his or her individual capacity. (Id. at ¶ C through ¶ I). Under "Prayer for Relief," Walck seeks "compensation for his damages" in the amount of $1.2 million. He does not appear to seek any injunctive or other prospective relief.

Walck's claims are defective on their face. A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983. Calzone v. Hawley, 866 F.3d 866, 872 (8th Cir. 2017), citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Such actions do not state a claim under § 1983 and are prohibited by the Eleventh Amendment, absent a waiver of sovereign immunity. Glasgow v. Nebraska, 819 F.3d 436, 441 (8th Cir. 2016).

No such waiver is present here. Walck's complaint against these defendants fails to state a claim under § 1983. As such, I recommend that his complaint be dismissed, with prejudice, pursuant to § 1915A.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Plaintiff shall have until April 17, 2020, to file objections to this Report and Recommendation. See D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in the recommended action being taken.

Dated this 26th day of March, 2020.

                                                    */s/  Clare R. Hochhalter*
                                                    Clare R. Hochhalter
                                                    United States Magistrate Judge